[Cite as *State v. Tristano*, 2012-Ohio-440.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| v. | : | |
| | : | |
| MIKE TRISTANO | : | Case No. 11AP060027 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the New Philadelphia
Municipal Court, Case No. CRB-
1000665


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      February 1, 2012


APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

GARRY O. HURLESS      DAN GUINN
P.O. Box  237      118 West High Avenue
New Philadelphia, OH  44663-0327      New Philadelphia, OH  44663

*Farmer, J.*

{¶1} On May 18, 2010, appellant, Mike Tristano, was charged with unauthorized use of a vehicle in violation of R.C. 2913.03(A). The vehicle belonged to appellant's mother, Mary Tristano. The charge arose after Mr. and Mrs. Tristano called the police and reported that appellant had taken the vehicle without permission.

{¶2} A bench trial before a magistrate commenced on November 15, 2010. Appellant was found guilty as charged and thereafter filed an objection. By judgment entry filed February 28, 2011, the trial court denied the objection. On May 23, 2011, the trial court ordered appellant to pay fines and costs and sentenced him to one hundred eighty days in jail, all days suspended in lieu of community control.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶4} "APPELLANT'S CONVICTION UNDER OHIO REVISED CODE 2913.03(A) WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

II

{¶5} "THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL UNDER ARTICLE I SECTION 10 OF THE OHIO CONSTITUTION AND THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION."

I

{¶6} Appellant claims his conviction was against the sufficiency and manifest weight of the evidence as the complaining witness, his mother, Mary Tristano, testified at trial that he had her permission to use the vehicle. We disagree.

{¶7} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks* (1991), 61 Ohio St.3d 259. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 175. See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶8} Appellant was convicted of unauthorized use of a vehicle in violation of R.C. 2913.03(A) which states, "[n]o person shall knowingly use or operate an aircraft, motor vehicle, motorcycle, motorboat, or other motor-propelled vehicle without the consent of the owner or person authorized to give consent."

{¶9} The state called Mr. and Mrs. Tristano and the responding officer, Dover City Police Officer Shawn Leffler, to testify. Mrs. Tristano testified on the day in question, her husband dialed 911 and she reported that appellant had taken her vehicle. T. at 4-5, 22. Appellant does not live with his parents and has a vehicle of his own. T. at 5. In fact, appellant left his vehicle at his parents' house after leaving in his mother's vehicle. T. at 21. Upon Officer Leffler's arrival, Mrs. Tristano told him that her son took her vehicle without her permission. T. at 5, 7. She also provided a written statement consistent with what she had told Officer Leffler. T. at 6. At trial, Mrs. Tristano stated she "didn't tell him [appellant] not to take it," but wrote it in her statement because "my husband kept pressuring me. You can just take so much. And I've had mini strokes and I don't want to have a big stroke." Id. The next day after making the report, Mrs. Tristano called the police department and asked them to drop the issue. T. at 8. She testified appellant could use the vehicle anytime he liked because he had a key and she had given him $20.00 for gas. T. at 7, 10, 12. Mrs. Tristano testified although she told Officer Leffler that her son took her vehicle without her permission, in person and in a written statement, she stated she did so because her husband kept "nagging and nagging and nagging. And you can just take so much." T. at 10. She stated, "I know I did wrong by what I did. But I'm not going to have my son sit there and say I'm guilty when he's not." T. at 18. Throughout her testimony, Mrs. Tristano insisted that appellant had her permission to use her vehicle. T. at 4, 11, 17. She testified she wrote out her husband's statement to the police and he told her what to write. T. at 6, 9.

{¶10} Mr. Tristano testified on the day in question, his wife did not know the vehicle was gone. T. at 24. He did not recall dialing 911. T. at 24. In fact, he did not

recall the day. T. at 26, 29. Mr. Tristano stated appellant drives his wife's vehicle "all the time. I don't know if he has permission or not." T. at 29. He testified, "I don't know nothing about that car. It's gone. It's between him and his mother. Long as he don't drive mine I don't care what he does with that car." T. at 31. He stated his wife wrote out his statement as he "don't know how to spell or nothing" and he signed it without reading it. T. at 28, 30. He did not tell her what to write as "I don't tell her anything. I don't say nothing." T. at 29.

{¶11} Both Mr. and Mrs. Tristano exhibited confusion over what occurred and had selective memories of the events. Mrs. Tristano excused her memory by stating she was a mini stroke victim and Mr. Tristano stated he couldn't remember most things as he was 77 years old, he couldn't hear much of what occurred because he cannot hear out of his left ear, and he wasn't paying attention as he "quit paying attention years ago." T. at 7, 26, 27, 30, 32. There was a general flavor from their testimony that peace and harmony do not exist at the home and appellant is a bone of contention.

{¶12} Upon his arrival to the Tristan home, Officer Shawn Leffler was informed of the following:

{¶13} "Mary Tristano advised that she had not given permission to her son to take the car. She woke up about 6:30, found him asleep on the floor, there had been an argument between her husband and him over pills and money at which point in time she gave him $20.00 and still told him not to take the car, however, he took the - - he had keys, went and got into the car and left. She advised on leaving that he had almost struck her father - - her husband's vehicle." T. at 36.

{¶14} The Tristanos told Officer Leffler the 911 call was placed because "the vehicle had not been returned to them" and Mrs. Tristan indicated that she had not given appellant permission to take the vehicle. T. at 37. Mrs. Tristano advised Officer Leffler that she refused appellant permission to drive the vehicle because "his eyes were partially closed when speaking to him and believed he was under the influence of prescription pills." T. at 41. In fact, three different 911 calls were made by the Tristanos on the day in question regarding appellant's behavior, pills, and the missing vehicle. T. at 35, 38. Officer Leffler collected Mrs. Tristano's written statement wherein she indicated that she did not give appellant permission to use her vehicle. T. at 39. At no time did she indicate she was making a false statement or that her husband was forcing her to write the statement. Id. At no time did Officer Leffler see any sign of Mr. Tristano placing duress upon Mrs. Tristano. Id.

{¶15} It is unfortunate that trial courts are placed in a position to review recanted statements that exhibit some sort of familial distress. The magistrate noted, "this isn't the first time that a witness has come in and told two different stories. In fact it happens a lot. And so I kinda have to look at everything that's presented, the total circumstances to try and figure out what happened." T. at 45. The magistrate then determined the following:

{¶16} "Okay. But I'm going to find that the State has proven the charge beyond a reasonable doubt because I don't think she gave you permission. Her statement that she wrote says 'Mike Tristano took my car about 8:30 a.m. when I told him not to take it. He wanted pain pills from his dad. He was in no condition to drive. I tried to - - he tried to run into his dad's car as he left. I gave him $20.00 because he said he needed

money. That was before I seen how bad he looked. He screamed at his dad for medication. He told me not to take my - - he was told not to take my car.' Don't listen if you don't want to. 'He was told not to take my car at about 8:00 a.m. He broke lamps in his apartment last night and then it carried on today.' And then I'm told that you're laying on the floor of their apartment at their house at 6:30 in the morning which would be consistent with the issues about the drugs.

{¶17} " 'He buys pills from other people. Mike called and said now my car is on 10th Street. Mary Tristano.' This was at 6:05 p.m.

{¶18} "So, yeah, I just - - I just don't think she was lying that day. I think she's concerned. You know, she didn't want you charged and she didn't want you charged and maybe her husband - - your dad did keep bugging her and saying this isn't right that you let him get away with this kind of stuff.

{¶19} "So I'm going to find you guilty." T. at 46-47.

{¶20} Upon review, we find the testimony supports this conclusion and we do not find a manifest miscarriage of justice.

{¶21} Assignment of Error I is denied.

II

{¶22} Appellant claims he was denied effective assistance of trial counsel because his counsel did not object to the admission of irrelevant evidence, did not call him to testify, and did not present witnesses on his behalf. We disagree.

{¶23} The standard this issue must be measured against is set out in *State v. Bradley* (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:

{¶24} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

{¶25} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."

{¶26} Appellant argues defense counsel failed to object to irrelevant testimony regarding his alleged use of prescription medications. Mrs. Tristano told Officer Leffler she did not give appellant to use her vehicle because she "believed he was under the influence of prescription pills" and her written statement mentioned pain pills. T. at 41. The magistrate considered this testimony as demonstrated by her decision cited supra. Reading the testimony in totality, we find the complained of testimony on prescription medications was not totally irrelevant as it explained Mrs. Tristano's concern about appellant taking her vehicle. The crux of the issue was not appellant's prescription medication usage, but whether he had taken the vehicle without permission. We find no evidence to demonstrate the outcome would have been any different had an objection been made.

{¶27} The other two claims of deficiency are not demonstrated in the record. We note this court must accord deference to defense counsel's strategic choices made

during trial and "requires us to eliminate the distorting effect of hindsight." *State v. Post* (1987), 32 Ohio St.3d 380, 388.

{¶28} Upon review, we do not find ineffective assistance of counsel in this case.

{¶29} Assignment of Error II is denied.

{¶30} The judgment of the New Philadelphia Municipal Court of Tuscarawas County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and Wise, J. concur.

s/ Sheila G. Farmer_____

_s/ William B. Hoffman_____

_s/ John W. Wise_____

JUDGES

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO : 
 :
    Plaintiff-Appellee : 
 :
v. :     JUDGMENT ENTRY
 :
MIKE TRISTANO : 
 :
    Defendant-Appellant :     CASE NO. 11AP060027


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the New Philadelphia Municipal Court of Tuscarawas County, Ohio is affirmed. Costs to appellant.


s/ Sheila G. Farmer_____


_s/ William B. Hoffman_____


_s/ John W. Wise_____

JUDGES